FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 1 1 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
COLONEL A. ADAMS,

           Plaintiff,

      - against -

CEO ELON REEVE MUSK (TESLA MOTORS,
SPACE X, PAY PAL, HYPERLOOP AND SOLAR CITY);
CEO DIRK AHLBORN (HYPERLOOP
TRANSPORTATION TECHNOLOGIES, HIGH-SPEED
TRANSPORT CROWDSOURCING, JUMP-STARTER
PR.COM),

           Defendants.
-----------------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

15-CV-6756 (SLT) (ST)

**TOWNES, United States District Judge:**

Plaintiff brings this *pro se* action alleging copyright infringement. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely for the purpose of this Order. Plaintiff's Complaint is DISMISSED.

## PLAINTIFF'S PRIOR TWO LAWSUITS

In 2005, Plaintiff filed a lawsuit in this jurisdiction alleging infringement of the same copyright at issue in this action. *Adams v. Warner Bros. Pictures Network*, No. 05-CV-05211 (SLT) (LB) (E.D.N.Y.). Plaintiff alleged that his copyright was infringed by the movie "The Polar Express" and related products, as well as a television show. (Compl., 05-CV-05211, ECF No. 1.) Plaintiff claimed that since obtaining his copyright in June 2003, he had not "published" his "design art ...." (Response to the Mot. to Dismiss 1, No. 05-CV-05211, ECF No. 20.)

The defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint for failure to state a claim. The Court granted the motion, with prejudice, on the grounds that: (1) there were no allegations from which one could even infer that the

defendants had access to his copyrighted drawing; (2) the defendants' allegedly infringing work was all done before Plaintiff's copyright was registered in June 2003; (3) Plaintiff failed to make any allegations about the similarities between his copyright and the allegedly infringing work, and; (4) as a matter of law, the Court found no substantial similarities. *Adams v. Warner Bros. Pictures Network*, No. 05-cv-5211, 2007 U.S. Dist. LEXIS 47448 (E.D.N.Y. June 29, 2007). The Court subsequently denied Plaintiff's motion for reconsideration of that decision. (Memo. and Order, No. 05-cv-5211, ECF No. 26.)

Plaintiff appealed the Court's denial of his reconsideration motion to the Second Circuit Court of Appeals. By Mandate, the Second Circuit upheld the Court's decision. (Mandate, ECF No. 33.) Relevantly, the Second Circuit found that "[b]ecause Adams does not allege that he published, displayed, or distributed his work prior to registering it, no inference of access can be drawn from his pleadings." (Mandate 3.) On December 8, 2008, the United States Supreme Court denied Plaintiff's petition for *writ of certiorari*. *Adams v. Warner Bros. Pictures Network*, 555 U.S. 1081 (2008).

On September 9, 2009, Plaintiff filed a second motion seeking reconsideration of the Court's dismissal of his 2005 action, which the Court denied. (Memo. and Order, No. 05-CV-05211, ECF No. 38.) On September 9, 2009, Plaintiff also filed another lawsuit in this jurisdiction alleging the same claims against the same defendants as in his 2005 lawsuit, except that he added additional defendants. *Adams v. Warner Bros. Pictures Network*, No. 09-cv-4000 (SLT) (LB) (E.D.N.Y.). Again, Plaintiff made no allegations of access to his copyrighted drawing. (Compl., 1:09-cv-4000, ECF No. 1.) Instead, he merely alleged that the defendants

2

had infringed on his copyright. (*Id.* at 4.) On September 16, 2009, Plaintiff amended his complaint. (Am. Compl., ECF No. 4.)

On September 23, 2009, pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court dismissed the 2009 action based on *res judicata* as to the 2005 defendants (Memo. and Order 3-4, 9/23/09, ECF No. 5), and for failure to state a claim as to the new defendants (*id.* at 4-5). The Court also warned Plaintiff that "it will not tolerate frivolous litigation," and that it "may enter an Order barring the acceptance of any future *in forma pauperis* complaints for filing without first obtaining leave of the Court to do so." (*Id.* at 6.) Plaintiff moved for reconsideration of that decision, which the Court denied. (Order, Oct. 7, 2009, ECF No. 9.)

## THE INSTANT ACTION

On November 24, 2015, Plaintiff filed the instant diversity action against Defendants Elon Reeve Musk and Dirk Ahlborn alleging infringement of the same copyright that was at issue in Plaintiff's 2005 and 2009 lawsuits. (Compl., ECF No. 1.) Here, Plaintiff alleges that he "created a technical drawing, titled ATST & TSSS (AIR TRANSPORTATION SHOOT TUNNEL & TRANSPORTATION SHOOT SHIP SYSTEM) U.S. Copyright registration number VAu 591 – 803 registered date, June 06, 2003." (*Id.* at 3.) The Complaint attaches the Certificate of Registration for this copyright. (ECF No. 1-2.) He further alleges, as he claimed in his 2005 lawsuit, that he has not published his copyright to anyone:

> [A] copy of the original technical drawing is on file at the U. S. Copyright Office and the Clerk Of Court Office. Therefore, concerning the complaint, since June 06, 2003, the plaintiff has neither published or licensed for publication any copies of the technical drawing (ATST & TSSS) in compliance with the copyright laws and has remained the sole owner of the exclusive copyright.

3

(Compl. 3.) Therefore, similarly to Plaintiff's prior two lawsuits, Plaintiff does not allege that Defendants had direct access to his copyright. Rather, he speculates that "perhaps" Defendants saw "The Polar Express" movie which allegedly infringed on this copyright. (*Id.* at 4.) His entire complaint is based on the allegation that "recent defendants have chosen to use plaintiff's copyright technical drawing without permission, by negligently announcing and building a test prototype at <u>Tesla Motors 3500 Deer Creek Road Palo Alto, California 94304 / Quay Valley California</u>, concerning their concept the 'Hyperloop' which is an expression of plaintiff copyright technical drawing." (*Id.*)

Count I alleges copyright infringement by Defendants for "continu[ing] to go on national news and websites, proclaiming and announcing to own and build plaintiff's copyright work (ATST & TSSS)as theirs the 'Hyperloop'. In violation of the copyright and has further willfully Engaged in unfair trade practices and unfair competition in connection with its publications thus causing irreparable damage ...." (*Id.* at 5.) Plaintiff cites to "U.S. Trade Secret Act 18 U.S.C.S. SS 1831-1839," "SS 501-513 Unfair Competition, Consumer Protection and Trade Secret Act; 1976 Copyright Act) SS 106," and "U.S.C.A. Title 17 SS 1 – 500 Copyrights SS 501 – End." (*Id.* at 3, 5, INDEX: <u>Reference Legal Outline of Complaint</u>.) He also cites to cases for the topics "Expression of Ideas, Copying Generally," "Knowledge, of Copying Generally," "Substantially Similarity," and "Expression of Ideas Substantial Similarity." (*Id.* at INDEX: <u>Reference Legal Outline of Complaint</u>.)

Plaintiff asks the Court to enjoin Defendants, until this case has been resolved, "from proclaiming and announcing ownership publicly their concept the Hyperloop, the infringed work and plaintiff's copyright;" and for "all profits and advantages Gained from unfair competition by

raising funds for production of the Hyperloop, and all Profits related to the infringed copyright, no less than the statutory minimum (150,000 Per Copy) of exposure ...." (*Id.* at 5, 5b.) He also asks the Court to enjoin Defendants "from testing productions of Hyperloop (HTT)" anywhere in the world. (*Id.* at 5b.) Plaintiff seeks attorneys' fees, interest, and costs. (*Id.*)

In addition to the Certificate of Registration, Plaintiff has attached other documents to his Complaint. They include letters exchanged in 2015 between Plaintiff's counsel and Tesla Motors, Inc., regarding Plaintiff's allegations of copyright infringement, and publicly-available information regarding Hyperloop Technologies, Inc., Defendant Elon Musk, "Hyperloop," and articles discussing Defendant Elon Musk's idea for a "Hyperloop." (ECF No. 1-2.) All of the documents that concern the "Hyperloop" are either dated after June 6, 2003, or undated. (*Id.*)

## STANDARD OF REVIEW

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). While "detailed factual allegations" are not required, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do ...." *Twombly*, 550 U.S. at 555 (citation omitted). If "a liberal reading of the complaint gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

It is axiomatic that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers ...." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008) (internal quotation marks and citation omitted). The Court reads a *pro se* complaint liberally and interprets it as raising the strongest arguments that it suggests. *Erickson*, 551 U.S. at 94.

## DISCUSSION

A district court "shall dismiss" an *in forma pauperis* action "at any time if the court determines that – the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted).

"[I]n light of this Court's understanding of the principle enshrined in Rule 8 -- namely, to provide defendants fair notice of the claims against them -- a plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred." *Sharp v. Patterson*, No. 03 Civ. 8772, 2004 U.S. Dist. LEXIS 22311, at *42 (S.D.N.Y. Nov. 3, 2004) (internal quotation marks and citations omitted); *see also Transcience Corp. v. Big Time Toys, LLC,* 50 F.Supp.3d 441, 448 (S.D.N.Y. 2014) A plaintiff must allege "[1] which specific original works are the subject of the copyright claim, [2] that plaintiff owns the copyrights in those works, [3] that the copyrights have been registered in accordance with the statute, and [4]

6

by what acts during what time the defendant infringed the copyright." *Maverick Recording, Co. v. Goldshteyn*, No. 05–CV–4523, 2006 U.S. Dist. LEXIS 52422, at *5 (E.D.N.Y. July 31, 2006) (internal quotation marks and citations omitted); *Patrick Collins, Inc. v. John Doe 1*, 945 F.Supp.2d 367, 374 (E.D.N.Y. 2013) (citations omitted); *Sharp*, 2004 U.S. Dist. LEXIS, at *42 n.19.

A plaintiff has to allege "copying of constituent elements of the copyrighted work that are original." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690, 1999 U.S. Dist. LEXIS 5416, at *5 (S.D.N.Y. Apr. 19, 1999) (internal quotation marks and citations omitted) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)); *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996) (citation omitted). "In the absence of direct evidence of copying, a rarity in copyright cases, copying can be proved by showing (a) that the defendant had access to the copyrighted work and (b) the substantial similarity of protectable material in the two works." *Polsby*, 1999 U.S. Dist. LEXIS, at *5 (internal quotation marks omitted) (citing *Williams*, 84 F.3d at 587).

Plaintiff fails to allege that Defendants infringed on his copyright because he concedes that Defendants never had, nor could not have had, access to his copyright. His claim rests on the allegation that Defendants "use[d] plaintiff's copyright technical drawing without permission, by negligently announcing and building a test prototype at <u>Tesla Motors 3500 Deer Creek Road Palo Alto, California 94304 / Quay Valley California</u>, concerning their concept the 'Hyperloop' which is an expression of plaintiff copyright technical drawing." (Compl. 4.) But he also alleges that they had no direct access to his copyright because Plaintiff "has neither published [n]or licensed for publication any copies of the technical drawing (ATST & TSSS) in

7

compliance with the copyright laws and has remained the sole owner of the exclusive copyright." (*Id.* at 3.) Although Plaintiff fails to allege when Defendants impermissibly copied his drawing, the materials attached to the Complaint indicate that the allegedly infringing actions would have occurred after Plaintiff obtained his copyright. (ECF No. 1-2.)

Defendants could not have copied any part of his drawing if they did not have access to it. Therefore, Plaintiff's claim must be dismissed. For instance in *Polsby*, in granting summary judgment dismissal of the copyright infringement claim, the Court held that "Plaintiff's allegations fail to establish a connection, either direct or indirect, between any of the defendants and plaintiff's writings. Plaintiff does not allege that she sent her work directly to defendants, or that she made it available to anyone even remotely connected with defendants." 1999 U.S. Dist. LEXIS 5416, at *8; *see also Cox v. Abrams*, No, 93 Civ. 6899, 1999 U.S. Dist. LEXIS 6687, at *9-*10 (S.D.N.Y. May 14, 1007) (granted summary judgment dismissal of copyright infringement claims where plaintiffs stipulated that "there was insufficient evidence ... that defendants had access").

Plaintiff attempts to allege access by speculating that "perhaps," Defendants saw "The Polar Express" movie, some portion of which allegedly reflects his copyright:

> The defendants went on National Television News 'Fox 5 News', on <u>August 13, 2013</u> and announced the <u>"Hyperloop</u> as new technology for travel, knowingly that *perhaps* they have seen the Christmas movie "The Polar Express" with plaintiff's design technical drawing in this episode, concerning the <u>"Transportation Pneumatic"</u> in the movie.

(Compl. 4.) (italicized emphasis added.) But speculation of access is insufficient: "a plaintiff must introduce evidence of a reasonable possibility of access. Access must be more than a bare possibility and may not be inferred through speculation or conjecture." *Polsby*, 1999 U.S. Dist.

8

LEXIS 5416, at *6 (citing *Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir. 1988)). Here, one cannot infer even a "reasonable possibility of access" from Plaintiff's purely speculative allegation that "perhaps" Defendants saw "The Polar Express" movie.

Even if Plaintiff had alleged that Defendants had definitely seen the movie, his claim fails. The allegation in this suit that "'The Polar Express'" contains "plaintiff's design technical drawing" is the very allegation that Plaintiff made in his 2005 and 2009 lawsuits, both of which were dismissed with prejudice in part because he failed to allege any access. *Adams v. Warner Bros. Pictures Network*, No. 05-cv-5211, 2007 U.S. Dist. LEXIS 47448 (E.D.N.Y. June 29, 2007). (Memo. and Order, *Adams v. Warner Bros. Pictures Network*, No. 1:09-cv-4000 (SLT) (LB) (E.D.N.Y.)).

Moreover, Plaintiff is collaterally estopped from relitigating this allegation where the Court has already ruled on it. "Even though a plaintiff's factual allegations must be accepted as true and all reasonable inferences drawn in the plaintiff's favor on a motion to dismiss, collateral estoppel will nonetheless bar a plaintiff's claim when the plaintiff's factual allegations have been decided otherwise in previous litigations." *Pointdexter v. Cash Money Records*, No. 13-cv-1155, 2014 U.S. Dist. LEXIS 26985, at *6-*7 (S.D.N.Y. Feb. 25, 2014). The *Pointdexter* Court found that the plaintiff was collaterally estopped from alleging that he had standing to sue for copyright infringement because, in a prior litigation between the plaintiff and another defendant, the Court had held that the plaintiff had contractually agreed to give up his ownership rights over several songs, including the one at issue in the instant case. *Id.* at *10. Therefore, "Plaintiff's lack of ownership of the works governed by the 1998 Agreement was actually litigated and decided in the previous proceedings ...." *Id.* Similarly here, the Court has already found that Plaintiff has

failed to state a claim for copyright infringement based on his allegation that "The Polar Express" movie infringes on his copyright.

The Complaint is DISMISSED. 28 U.S.C. § 1915(e)(2)(B). This dismissal is with prejudice. Plaintiff cannot sufficiently allege that Defendants infringed on his copyright where he also alleges that he has not published or displayed his copyrighted drawing since obtaining the copyright in June 2003, and the materials attached to Plaintiff's Complaint indicate that the allegedly infringing actions occurred after Plaintiff obtained his copyright.

## **CONCLUSION**

This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 443-44 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: May 10, 2016
Brooklyn, New York